IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sherrie Robinson,<br><br>        Plaintiff,<br><br>    vs.<br><br>DeVille Asset Management LTD,<br><br>        Defendant. | Case No.: 1:19-cv-03887<br><br>Honorable Edmond E. Chang<br><br>**STATUS REPORT REGARDING SERVICE** |

**STATUS REPORT REGARDING SERVICE**

Plaintiff Sherrie Robinson, by and through counsel, hereby states as follows:

On July 22, 2019, the Court ordered that lead counsel for Plaintiff file a report addressing two concerns of the Court regarding service, namely (1) the fact that a registered agent in Juneau, Alaska was served even though Defendant's principal place of business is in Texas; and (2) summons was sent by certified mail, even though the federal rules do not authorize service in that manner unless State law at the place of service provides for it. Lead counsel for Plaintiff hereby addresses those two concerns.

**1. Service on a Registered Agent in Juneau, Alaska**

While Defendant maintains a principal address in Colleyville, Texas, Defendant is organized as a Limited Partnership under the laws of the State of Alaska, and the registered agent on file for the company is CT Corporation System, 9360 Glacier Hwy., Ste. 202, Juneau, AK 99801. *See Bizapedia profile attached as Exhibit 1.* Pursuant to FRCP 4(h)(1)(B), a partnership may be served by delivering a copy of the summons and complaint to an officer, managing or

1

general agent, or any other agent authorized by appointment or by law to receive service of process. Therefore, delivery of the complaint and summons on the designated registered agent in Juneau, Alaska would appear to be an appropriate method of service under FRCP 4(h)(1)(B).

**2. Service via Certified Mail**

The Court stated in its July 22, 2019 order that the federal rules do not authorize service by certified mail unless State law at the place of service provides for it. Here, the place of service was Alaska, which does in fact provide for service of process via certified mail. The applicable rule is Alaska R. Civ. Proc. 4(h), which provides that in addition to other permissible methods of service, process may also be served within the State by registered or certified mail. *See Copy of Alaska R. Civ. Proc. 4, attached as Exhibit 2.*

In light of the foregoing, Plaintiff takes the position that attempting to effectuate service upon Defendant's registered agent in Alaska via Certified Mail was appropriate. Lead counsel for Plaintiff apologizes to the Court for not being present at the July 22, 2019 status hearing, and states that he will be present, as ordered, for the August 6, 2019 status hearing.

        Respectfully submitted,

By: _/s/ Brian J. Olszewski_
Brian J. Olszewski (#6283673)
Law Office of Michael Lee Tinaglia, Ltd.
444 N. Northwest Highway, Suite 350
Park Ridge, IL 60068
Phone: 847-692-0421
Fax: 847-685-8440
BOlszewski@tinaglialaw.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorney for Plaintiff,*
*Sherrie Robinson*

**CERTIFICATE OF SERVICE**

I, the undersigned, certify that on July 29, 2019 I filed the foregoing *Status Report Regarding Service* through the Court's CM/ECF system, which will cause electronic notification of this filing to be sent to all parties who have appeared as of the time of the filing.

                By: */s/ Brian J. Olszewski*
                Brian J. Olszewski (#6283673)
                Law Office of Michael Lee Tinaglia, Ltd.
                444 N. Northwest Highway, Suite 350
                Park Ridge, IL 60068
                Phone: 847-692-0421
                Fax: 847-685-8440
                BOlszewski@tinaglialaw.com
                *Counsel for Plaintiff*